O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY BANI HANI,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. CV 09-01328 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　　As her first argument, Plaintiff asserts here that the Administrative Law Judge failed to give proper credit to the opinion of the treating physician. The treating physician rule, whereby the Commissioner must generally defer to the opinions of a person who treats a claimant, is well established. *See Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001). In her discussion of the argument, however, it becomes clear that Plaintiff focuses primarily on the Administrative Law Judge's disagreement with the physicians as their opinions relate to her claim that she suffers from carpal tunnel syndrome.

　　　　　The Administrative Law Judge found that Plaintiff could return to her past relevant work as a manicurist. [AR 32-33] Even if she could not do so, however, the Administrative Law Judge found that she could perform other work in the economy, including dining room cashier, small products assembler, and electrical worker. [AR 33] Each of these jobs requires constant use of the hands, and requires a significant amount of

dexterity. Therefore, it is especially important to assess the Administrative Law Judge's determination that Plaintiff did not have a severe impairment in connection with carpal tunnel syndrome. [AR 24]

The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all – it simply must have more than a minimal effect on his or her ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

There was clear medical evidence that Plaintiff has carpal tunnel syndrome; a nerve conduction study was unequivocal in its findings to this effect. [AR 423-24] This is the sort of objective medical evidence that administrative law judges often yearn for. The Administrative Law Judge found, however, that the record as a whole did not establish the presence of carpal tunnel syndrome as alleged. [AR 23] The Court disagrees.

The Administrative Law Judge made much of the fact that, one week following the nerve conduction study, Plaintiff had a consultative orthopedic examination that he felt was inconsistent with the nerve conduction study. He stated that there was no indication that Plaintiff mentioned that she had carpal tunnel syndrome. [AR 23] There

is, however, no indication that she was asked. She apparently stated that her main complaints were neck, back and shoulder pain [AR 409] and that may well have been true, but does not mean that she did not also have carpal tunnel syndrome. The consultant found no hand, wrist or forearm abnormalities, as the Administrative Law Judge noted [AR 23, 412], but if the problem is nerve conduction, that may well not show up on a physical examination for deformities. The Court notes that the consultant reviewed a number of medical records, but that the nerve conduction study was not one of them [AR 409-10]; perhaps that record, concerning a test just the week before, was not available to the consultant.

        The Administrative Law Judge also found it significant that there was limited evidence of treatment records concerning the carpal tunnel syndrome. [AR 23-24] But there are several places in which the record indicates that Plaintiff did receive splints to address the problem, and splints were one of the treatments that the medical expert testified one would expect to see if a claimant had carpal tunnel syndrome. [AR 518] Thus, a December 2005 report from Dr. Tam indicates a prescription for wrist braces. [AR 313] The following month Plaintiff reported to the internal medicine consultant that she had received wrist splints. [AR 317] And, at the hearing before the Administrative Law Judge, she testified that she had received wrist splints. [AR 530] The treatments may not have started as early as Plaintiff asserted that she suffered from carpal tunnel syndrome, another fact that gave the Administrative Law Judge pause, but of course symptoms can worsen over time.

        The Administrative Law Judge rightly noted inconsistencies in the record about grip strength; there were different reports as to strength, and different reports as to which hand was stronger. [AR24] The central question, though, is what inference to draw from this fact. It is not reasonable to conclude, from these reports, that the nerve conduction study somehow did not properly measure nerve conduction.

        As noted, the requirement that an impairment be severe is a very low standard, imposed to screen out *de minimis* complaints. Notwithstanding some legitimate concerns

about the record, that low standard was met here. Because an administrative law judge must consider all impairments in combination, the matter must be remanded. On remand, the Commissioner shall take as established that Plaintiff has a severe impairment arising from the carpal tunnel syndrome, and proceed to evaluate Plaintiff's claim as to the impairment, singly and in combination with the other impairments.

This disposition of the case makes it unnecessary to evaluate the other argument Plaintiff asserts here, that the Administrative Law Judge wrongly discredited Plaintiff's testimony.

The matter is remanded to the Commissioner for further proceedings.

DATED: March 3, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE